EDWARDS, Chief Judge.
 

 Appellant Eildon appeals from a judgment entered by a District Judge in the Eastern District of Michigan, Southern Division, reversing a bankruptcy judge’s order in a Chapter XI proceeding which allowed payment of a portion of the priority claims of the IRS, part of which were for withholding taxes and interest. The IRS had refused to agree to waive its right to a deposit of the entire amount of its tax claim and the District Judge found that they were entitled to the full deposit.
 

 The facts are essentially uncontested. The brief for the IRS states them as follows:
 

 This is an appeal by Eildon Security Patrol Service, Inc., the debtor below (hereinafter taxpayer) from a judgment of the United States District Court for the Eastern District of Michigan. The District Court (Judge Harvey) in its order of May 24, 1976, reversed the order of the bankruptcy judge and held that the United States, a priority creditor, was not required to accept a deferred payment of its priority claims, since it had not agreed to waive its right to a deposit of the full amount of taxes due and owing. The District Court also vacated the order of the bankruptcy judge which awarded the attorney for the debtor the sum of $4,000. The taxpayer timely filed its notice of appeal on July 21, 1976. Jurisdiction is conferred on this Court by 28 U.S.C., Section 1291 and Bankruptcy Act, c. 541, 30 Stat. 544, Sec. 24 (11 U.S.C. 47).
 

 The facts pertinent to this litigation may be summarized as follows: '
 

 On November 16,1972, taxpayer filed a petition in arrangement for the payment of its unsecured creditors. Shortly thereafter, the Internal Revenue Service advised taxpayer’s attorney by letter that the United States would not waive its right as a priority creditor, under the arrangement, to receive a deposit of' the entire amount of its tax claim.
 

 On December 15, 1972, taxpayer filed its original plan of arrangement. This plan did not provide for a deposit of the amount of taxpayer’s federal tax liability.
 

 On November 7, 1974, taxpayer finally filed its amended arrangement plan which, like the original plan, did not provide for the deposit of the debtor’s tax liability. Rather it provided:
 

 That the statute requiring a debtor’s deposit of money due the United States prior to confirmation of a plan, should not be applied in this case, because it would not affect the preference to the United States as the statute was intended to provide. Debtor reasons that it was not the intent of Congress to deny the protection of the Federal Court to debtor’s [sic] owing money to the United States. In this case the debtor has no debt problem except for taxes and penalties, and the impossibility of continuing business under tax levies. Thus application of the deposit requirement would deny to the United States the prospect of any payment of its claim, by needlessly putting the debtor out of business.
 

 Thus, the amended plan provided that the United States and the State of Michigan would be paid “pro rata quarterly, the sum of money on deposit in the debtor’s trust account that exceeds $5,000.00 reserved as operating capítol [sic].” The plan did not state the amount to be paid quarterly. It did state, however, that the “debtor should pay off all its creditors within a period of 36 months.” The attorney for the debtor also filed a petition for attorney fees seeking $4,579 as compensation for 103.2 billing hours.
 

 
 *1196
 
 On February 13, 1975, the United States filed a notice in which it stated that it did not waive the requirement of taxpayer depositing the money necessary to meet its federal tax liability prior to the confirmation of the plan of arrangement or the requirement that the deposited amount be disbursed to the Internal Revenue Service upon confirmation of the plan of arrangement. The United States also objected to the amount of attorney’s fees sought asserting that the attorney for the debtor should receive no more than $1,000.
 

 Nevertheless, on April 30, 1975, the bankruptcy judge ordered that the taxpayer should deposit the sum of $12,000. Of this amount, the bankruptcy judge ordered that $4,000 be used to pay attorney’s fees, that $1,800 be held by the court as an administration expense and that the remaining $6,200 be paid pro rata on the priority claims of the United States and the State of Michigan. The bankruptcy judge further ordered that taxpayer make quarterly payments of $1,500 on the priority claims and that the Internal Revenue Service have a judicial lien on all of the taxpayer’s assets until its claim is fully paid and satisfied.
 

 The United States appealed this order to the District Court. The District Court reversed the order of the bankruptcy judge and held that the taxpayer must deposit the full amount of the priority claims which in turn should be paid to the Government. The Court also held that the attorney’s fee could not be awarded until the plan of arrangement was confirmed and accordingly that the award of attorney’s fees should be set aside.
 

 This appeal followed.
 

 Appellant’s brief disputes none of these facts, but does add the following:
 

 The debtor, under the aegis of the Bankruptcy Court, demonstrated that it can profitably run its business and can, if given time, retire its debts through its earnings. It employs upwards of thirty men, who would lose their jobs if debtor is forced into bankruptcy and it provides a needed service to the community having Black, White and Mexican guards and a reputation for racial harmony in its operations. The Debtor in Possession is the sole stock holder, the president and manager, and as part of the austerity program to rehabilitate the debtor, the president who is the debtor in possession takes a weekly pay of only $150.00 from the debtor corporation. His wife has taken secretarial employment outside the home and they have two dependent children at home.
 

 Appellant’s legal argument is stated as follows:
 

 Chapter X is normally considered applicable for handling large public stockholder cases whereas Chapter XI is a more simple procedure for individuals and small corporations, however it would seem that equal protection of the Law under the 5th Amendment of the Constitution of the United States would require that if a large corporation can make installment payments on debts to the United States, a small corporation should also be able to do so.
 

 Appellant has been unable to find a decided case as authority that the Bankruptcy Judge can order the Internal Revenue Service to accept installment payments in Chapter XI. However, there is precedent under Chapter X for such an order, see
 
 United States v. Key,
 
 407 F.2d 635, and from the standpoint of the effected relief under Arrangements the courts have treated Chapter X, XI and XIII quite alike.
 

 The District Judge’s order in this case provided as follows:
 

 This matter having come on for a hearing, and the Court having read the briefs and heard the arguments of counsel, with the Court being otherwise fully advised in the premises, and the Court having issued its opinion from the Bench finding that the claim of the Internal Revenue Service in this cause was determined to be a priority debt and that the Internal Revenue Service did not consent to the Chapter XI arrangement under which it was to receive deferred payments;
 

 
 *1197
 
 And the Court having issued its opinion that the money to pay each debt having priority must be deposited by the debtor under Rule ll-38(a)(2) and that the money must be disbursed to the priority creditor upon confirmation of the arrangement pursuant to § 367(2) unless the priority creditor himself waives such deposit or consents to a provision of the arrangement for dealing with his claim other than by payment in full in cash;
 

 And the Court having issued its opinion that the attorney’s fee in this cause could not be awarded until a confirmation of a plan of arrangement and that the same should not be allowed to stand if said plan or arrangement is set aside;
 

 IT IS HEREBY ORDERED that the Order of the Honorable Harold H. Bobier of April 30, 1975, entitled “Order For Debtor to Make Deposit” be and hereby is VACATED, that the Order contained therein stating the debtor shall pay quarterly the sum of $1,500.00 pro rata on the priority claims of the United States and the State of Michigan is REVERSED:
 

 That the Bankruptcy Referee shall not confirm any arrangement under Chapter XI in this cause without the bankrupt having deposited under Rule ll-38(a)(2) the full amount of funds necessary to pay in full the balance of the debt at issue owed by Bankrupt to the Internal Revenue Service unless the Internal Revenue Service either waives such deposit or consents otherwise;
 

 That the award of attorney’s fees in said Order is SET ASIDE;
 

 And that this cause be REMANDED to the Honorable Harold H. Bobier for further proceedings not inconsistant with this Order.
 

 Sympathetic as this court obviously has been to the expressed desires of counsel for both parties at appellate argument to arrive at a settlement of this litigation which would have the effect of both paying the priority creditors and keeping the debtor company in existence, we cannot avoid the conclusion that the IRS’ posture before us is insistence upon its full legal entitlement, regardless of the circumstances.
 

 When we turn, as we must, to the statute, we simply do not find under Chapter XI any power in the Bankruptcy Referee to provide for less than all of the payment of priority creditors absent waiver of those claims. Title 11, § 737(2) provides in full as follows:
 

 At such meeting, or at any adjournment thereof, the judge or referee shall, after the acceptance of the arrangement—
 

 ******
 

 (2) fix a time within which the debt- or shall deposit, in such place as shall be designated by and subject to the order of the court, the consideration, if any, to be distributed to the creditors, the money necessary to pay all debts which have priority, unless such priority creditors shall have waived their claims on such deposit, or consented in writing to any provision of the arrangement for otherwise dealing with such claims, and money necessary to pay the costs and expenses of the proceeding; and . . . -
 
 [1]
 

 11 U.S.C. § 737 (1976).
 

 What is missing here is any waiver at all from either IRS or the State of Michigan. Under these circumstances, with one exception, the District Judge’s order previously quoted was mandated by the statute and is hereby affirmed.
 

 The exception pertains to the claim for attorney’s fees. Before this court IRS states that the District Court “did not provide, nor do we contend, that taxpayer’s attorney is not entitled to be reasonably compensated for the services he performed on the debtor’s behalf.” As to this phase of the appeal, we remand the case for determination by the District Court of a reasonable attorney’s fee.
 

 [1]
 

 . We find no merit to the argument that this provision is violative of equal protection under' the facts of this case.